# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ana Maria Camacho Rodriguez,<br>　　　　Petitioner,<br>v.<br>Kristi Noem, et al.,<br>　　　　Respondents. | No. CV-25-04492-PHX-DJH (ASB)<br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 challenging her immigration detention. (Doc. 1.) On December 11, 2025, the Court Ordered Respondents to show cause ("the OSC") why the Petition should not be granted. (Doc. 3.) The OSC is now fully briefed. (Docs. 8, 10.) For the following reasons, the Petition is granted in part, and Respondents must either release Petitioner from custody or provide her a bond hearing within seven days.

**I.    Background**

Petitioner is a citizen of Mexico (Doc. 1 ¶ 13) who entered the United States in 2005 and "has lived in the United States continuously since that time." (*Id.* ¶ 31.) She is detained at the Eloy Detention Center in Eloy, Arizona. (*Id.*) Petitioner was arrested on or about November 13, 2025 during a traffic stop near Blythe, California, and was issued a Notice to Appear that charged her with removability under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.* ¶ 32.) On December 1, 2025, Petitioner had a bond redetermination hearing with an immigration judge ("IJ") at the Eloy Immigration Court. (*Id* ¶ 33.) On November 13, 2025, the IJ

denied Petitioner bond on the ground that the Immigration Court lacked jurisdiction under *Matter of Yajure Hurtado*.[1] (*Id.*; Doc. 1-1 at 1–2.)

Petitioner alleges that detention without a bond redetermination hearing violates the INA and the Central District of California district court's class certification order in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025); the regulations for bond proceedings; the Administrative Procedure Act ("APA"); and her due process rights. (Doc. 1 ¶¶ 34–47.) Petitioner requests release from custody or a bond hearing under § 1226. In the OSC, the Court concluded that Petitioner's case was comparable to the Central District of California district court's earlier decision in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025), in which the court—consistent with other district courts including this Court[2]—found that § 1225(b)(2) does not apply to persons like Petitioner, who entered the United States decades ago. (Doc. 3 at 1.)

**II.   Analysis—Interpretation of 8 U.S.C. § 1225 and 8 U.S.C. § 1226**

Respondents argue Petitioner's claim should be dismissed or stayed under the first-in-time rule because her claim is already being litigated in the *Bautista* class action. But Respondents acknowledge the first-in-time rule is permissive, not mandatory, and because no relief has been definitively ordered in *Bautista*, the Court finds the interests of justice do not support a stay or dismissal. The Court will proceed to the merits of Petitioner's claim.

Respondents state they "are aware of this Court's prior decision rejecting Respondents' position, *see Echevarria v. Bondi*, No. 2:25-cv-03252-PHX-DWL, 2025 WL

---

[1] A July 8, 2025 ICE policy guidance memorandum announced that DHS had revisited the government's legal position on detention and release authorities. Under this "revisited" legal position, noncitizens present without admission are now subject to mandatory detention under 8 U.S.C. § 1225(b), rather than discretionary detention under 8 U.S.C. § 1226(a), because, under 8 U.S.C. § 1225(a)(1), they are deemed applicants for admission. The memo led to a recent BIA decision, *In re Hurtado*, 29 I&N 216 (B.I.A. 2025), adopting the memo's analysis and determining noncitizens present without admission are subject to mandatory detention under 8 U.S.C. § 1225(b).

[2] In *Francisco Echevarria v. Pam Bondi*, et al., CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. Oct. 3, 2025), this Court determined individuals like Petitioner are governed by § 1226, not § 1225(b)(2)(A).

- 2 -

2821282 (D. Ariz. Oct. 3, 2025), but maintain that Petitioner falls within the definition of an 'arriving alien' warranting mandatory detention as the removal process unfolds." (Doc. 8 at 11.)  Respondents further "maintain that an alien is an 'applicant for admission' until an immigration official has inspected that person and determined that he or she is admissible into the United States."  (*Id.* at 11–12.)

As to the merits, nothing in Respondents' brief persuades the Court that the preliminary conclusion in the OSC is mistaken.  Indeed, in *Echevarria*, the district court specifically noted that "[g]iven that an immigrant submits an 'application for admission' at a distinct point in time, stretching the phrase 'at the time of application for admission' to refer to a period of years would push the statutory text beyond its breaking point."  *Id.* at \*6.

The Court is also aware of several decisions adopting Respondents' argument. *Valencia v. Chestnut*, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025); *Alonzo v. Noem*, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); *Sandoval v. Acuna*, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Rojas v. Olson*, 2025 WL 3033967 (E.D. Wisc. Oct. 30, 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177-H, Doc. 9 (N.D. Tex. Oct. 24, 2025); *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025), *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2490657 (E.D. Va. Aug. 5, 2025); *Pena v. Hyde*, No. 25-11983, 2025 WL 2108913 (D. Mass. July 28, 2025).  But Respondents' position is in the minority.  In the weeks since the district court considered the issue in *Echevarria*, dozens of other courts have reached its same conclusion.  *See, e.g., Quinapanta v. Bondi*, 2025 WL 3157867, \*6 (W.D. Wisc. Nov. 12, 2025) ("[M]ore than 45 district courts have now rejected similar arguments made by respondents here and ordered bond hearings for noncitizens who, like petitioner, were apprehended within the United States years after entering without admission or inspection unless implicated by any criminal activity covered by § 1226(c).  These decisions, along with a growing number of others including this Court, have concluded that the statutory text, the statute's history,

Congressional intent, and § 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up).

Having reviewed the recent decisions adopting the Respondents' minority view, the Court agrees with the conclusion reached in *Echevarria*. For these reasons, the Petition is granted, and Petitioner must receive a bond hearing under 8 U.S.C. § 1226(a).[3]

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted as to Counts One and Four**. The remainder of the Petition is denied as moot.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release her from custody under the same conditions that existed before her detention.

3. Respondents must provide a notice of compliance within **two days** of releasing Petitioner or providing her a bond hearing.

4. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 18th day of December, 2025.

Honorable Diane J. Humetewa
United States District Judge

---

[3] Because the Court grants relief as to Counts One and Four, it will deny the remainder of the Petition as moot.

- 4 -